## FULKS v. STATE.

### Opinion delivered May 29, 1897.

COSTS IN CRIMINAL CASES—WITNESS' FEES.—A witness in a criminal prosecution pending in the circuit court is not entitled to have his fees for attendance and mileage taxed as costs against the defendant on conviction where he has not proved his account in the manner and within the time prescribed by the statute (Sand. & H. Dig., §§ 3340, 3341).

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

*Yancey & Fulkerson*, for appellant.

A witness is not entitled to have his fees taxed by the clerk, unless his claim is duly verified, and his attendance proved, as required by law. Sand. & H. Dig., § 3340; 56 Ark. 251; Hempstead, 384. Statutes regulating costs are construed strictly. 47 Ark. 442.

BATTLE, J. Is a witness in a criminal prosecution pending in the circuit court entitled to have his fees for attendance taxed as costs against the defendant, upon conviction, when he has not proved an account, stating the number of days which he attended as such witness, and, "if summoned without the limits of the county, the number of miles he traveled in consequence of the summons," by swearing to the same at the term during which he attended?

The statutes upon this subject provide: "Every account for attendance of a witness shall be sworn to, and shall state

that he was summoned to attend as a witness in the cause in which the charge is made, and the number of days he attended, and, if summoned without the limits of the county, the number of miles he traveled in consequence of the summons. Every witness shall prove up his attendance at each term he may attend before any court, or each time he may attend before any justice of the peace, whether the case be determined or not, before the clerk of the court or justice that he may be summoned to appear before." (Sand. & H. Dig.,§§ 3340, 3341.)

These statutes accomplish nothing if a witness is entitled to his fees for attendance without complying with them; they can serve no purpose whatever. Enforced, they serve to protect the parties liable for the fees against illegal charges; for, when a witness proves his attendance at each term, as provided by the statutes, the parties concerned can ascertain whether the account be true or not, while these facts are recent, and prepare to disprove it at the proper time, if it be false; otherwise, they would be liable, through lapse of time and the consequent inability to remember facts, to be made pay fees to which a witness is not entitled.

Again, the court and clerk are not presumed to know how many days a witness attended court. It is not the duty of either to take notice of that fact. Hence the statutes provide how his account for fees shall be proved.

We therefore conclude that he is not entitled to fees for attendance until he proves them in the manner and within the time prescribed by the statutes.

We do not undertake to say that a witness will lose his fees when he has been prevented from proving them by an unavoidable accident. No such question is now presented or decided.

The judgment of the circuit court upon the motion to retax costs, so far as it is in conflict with this opinion, is reversed, and the cause is remanded for further proceedings.