LANSING WHEELBARROW COMPANY *v.* MONTGOMERY.

Opinion delivered October 18, 1909.

1. WITNESSES—FEES—PROOF OF ATTENDANCE.—A witness who fails to prove up his account for attendance as witness, as required by Kirby's Digest, § 3524, is not entitled to have his account for attendance and mileage taxed as part of the costs against the losing party. (Page 601.)

2. SAME—CUSTOM IN VIOLATION OF STATUTE.—The statute requiring witnesses to make out their account for attendance in a case and to swear to it (Kirby's Digest, § 3524) cannot be abrogated by a custom of permitting witnesses to report to the clerk verbally the number of days' attendance, without making out their accounts and swearing to them. (Page 601.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; reversed.

*T. E. Hare,* for appellant.

There is only one way by which the fees of a witness may be taxed as cost in a case, and this is by making out his account stating that he was summoned to attend as a witness in the cause, the number of days he attended, and, if summoned to attend from without the limits of his county, the number of miles traveled—and this account must be sworn to. Kirby's Dig., § 3524. This witness' attendance must be so claimed and proved at each session he attends. *Id.* § 3525; 64 Ark. 148. If he is a volunteer witness, he is entitled to a fee only for the day he is sworn and testifies. 56 Ark. 249.

*J. T. Patterson,* for appellee.

The witnesses at each term claimed their attendance, showing the number of days attended, of which the clerk made a minute. They doubtless believed that they were doing all that was required of them. The statute is not so mandatory as to preclude the trial court from determining the question upon equitable principles.

McCULLOCH, C. J. The sole question involved in this appeal is whether or not a witness in a civil case pending in the circuit court is entitled to have his fees for attendance and mileage taxed against the losing party without having, in the time and manner provided by statute, proved his account therefor. The statute is as follows:

"Every account for attendance as a witness shall be sworn to, and shall state that he was summoned to attend as a witness in the cause upon which the charge is made and the number of days he attended and, if summoned without the limits of the county, the number of miles he traveled in consequence of the summons." Section 3524, Kirby's Digest.

This court, in *Fulks* v. *State,* 64 Ark. 148, held that a witness in a criminal case could not have his fees taxed unless he proved same in the manner and within the time prescribed by the statute. The statute applies equally to civil and criminal cases.

It was shown in evidence in the present case that it had always been the prevailing custom in Cross County, where the case was pending, for witnesses to report to the clerk verbally the number of days' attendance, without making out an account

and swearing to it, as provided by the statute. This alleged custom does not alter the rights of the parties, nor prevent the operation of the statute. Parties, witnesses and officers are all presumed to know of the existence of this statute, and it cannot be abrogated by custom.

Reversed and remanded with directions for further proceedings on the motion to retax costs not inconsistent with this opinion.